UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

NATHAN THARPE                                CIVIL ACTION NO. 06-0940-P

VERSUS                                             JUDGE WALTER

RICHARD STALDER, ET AL                  MAGISTRATE JUDGE HORNSBY

### REPORT AND RECOMMENDATION

Nathan Tharpe ("Plaintiff") was convicted of attempted sexual battery and sentenced to a term of imprisonment with the Louisiana Department of Public Safety and Corrections. Plaintiff served some of his state sentence in the Bossier Parish Correctional Facility that is under the supervision of the Bossier Parish sheriff. It is common for sheriffs to contract with the state to house state prisoners.

Plaintiff alleges that he became a trustee at the Bossier Parish Correctional Facility and was under the supervision of a Ms. Jenkins for about four months. Plaintiff alleges that Ms. Jenkins sexually harassed, molested and fondled him. Plaintiff alleges that Ms. Jenkins was forced to resign her job because of such actions. Plaintiff claims that, because he reported the sexual abuse, he was fired as a trustee and transferred to a less desirable dormitory. Plaintiff was later transferred to the Allen Correctional Center, where he is currently housed.

The complaint names three defendants: Ms. Jenkins, Warden Rucker, and Richard Stalder. Bossier Parish Warden Tom Rucker, the warden of the Bossier Parish Correctional

Facility, has filed an answer. Ms. Jenkins has not made an appearance. Richard Stalder, the Secretary of the Department of Public Safety and Corrections, has filed a Motion to Dismiss (Doc. 27) that is now before the court.

Stalder's motion raises a number of defenses, but only qualified immunity need be addressed. An individual defendant is entitled to qualified immunity from claims for money damages unless the facts alleged, taken in a light most favorable to the Plaintiff, show that the defendant's conduct violated a constitutional right that was clearly established at the time of the violation. See Saucier v. Katz, 121 S.Ct. 2151 (2001). "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." McClendon v. City of Columbia, 305 F.3d 314, 323 (5th Cir. 2002)(en banc). In a Rule 12(b)(6) contest, that means the Plaintiff must point to portions of his complaint "that state with factual detail and particularity the basis for the claim which necessarily includes why the defendant-official cannot successfully maintain the defense of immunity." Babb v. Dorman, 33 F.3d 472, 477 (5th Cir. 1994).

Plaintiff's complaint focuses, as would be expected, on his allegations against Ms. Jenkins. There are, however, some allegations directed at Secretary Stalder. Plaintiff alleges that Stalder is being sued for his failure to train and hire employees whose duty is to make sure the policies and laws mandated by the Department are adhered to throughout the Department and within other agencies. Doc. 1, pp. 8-9. Plaintiff also alleges that he filed an administrative grievance with the Secretary after the alleged incident with Ms. Jenkins.

Documents in the record show that Plaintiff attempted to file an emergency grievance directly with the Secretary, after the alleged abuse had occurred and when Plaintiff was housed at the Allen prison. The Department of Corrections apparently forwarded the request to the Bossier Parish Sheriff's Department for response, as Plaintiff had been housed in their facility at the time of the alleged abuse. See Doc. 10.

These allegations do not plead an actionable constitutional violation committed by Secretary Stalder. There is no allegation that he had any personal involvement in or knowledge of the alleged facts that gave rise to Plaintiff's complaint. Plaintiff does allege that he directed grievances to Stalder's office, but it was after the alleged abuse is said to have happened, so Stalder could not have prevented any of the abuse even had he responded immediately to the grievances. With respect to the alleged failure to hire and train employees who ensure that Department rules are followed, that generic allegation is insufficient to plead a violation of the Constitution that has any causal connection to a harm suffered by Plaintiff. Secretary Stalder is, therefore, entitled to qualified immunity from the claims asserted against him in his individual capacity. Plaintiff asserts that Stalder is also named in his official capacity, but the pleading does not set forth an Ex parte Young or other official capacity claim that would preclude the dismissal of Stalder from this civil action, which is recommended. The claims against Ms. Jenkins and Warden Rucker are not affected by this recommendation.

Accordingly;

**IT IS RECOMMENDED** that the Motion to Dismiss (Doc. 27) filed by Richard Stalder be granted and that all claims against Richard Stalder be dismissed with prejudice.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd day of March, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE