UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

NATHAN THARPE                         CIVIL ACTION NO. 06-0940-P

VERSUS                                JUDGE WALTER

RICHARD STALDER, ET AL                MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

Nathan Tharpe ("Plaintiff") was convicted of attempted sexual battery and sentenced to a term of imprisonment with the Louisiana Department of Public Safety and Corrections. Plaintiff served some of his state sentence in the Bossier Parish Correctional Facility that is under the supervision of the Bossier Parish sheriff.  It is common for sheriffs to contract with the state to house state prisoners.

Plaintiff alleges that he became a trustee at the Bossier Parish Correctional Facility and was under the supervision of a Ms. Jenkins for about four months.  Plaintiff alleges that Ms. Jenkins sexually harassed, molested and fondled him.  Plaintiff alleges that Ms. Jenkins was forced to resign her job because of such actions.  Plaintiff claims that, because he reported the sexual abuse, he was fired as a trustee and transferred to a less desirable dormitory.  Plaintiff was later transferred to the Allen Correctional Center, where he is currently housed.

The complaint names three defendants:  Ms. Jenkins, Warden Rucker, and Richard Stalder.  Bossier Parish Warden Tom Rucker, the warden of the Bossier Parish Correctional

Facility, has filed a Motion for Summary Judgment (Doc. 35) that is now before the court. The court previously granted a similar motion to dismiss that was filed by Richard Stalder, the Secretary of the Department of Public Safety and Corrections. Ms. Jenkins has not yet been served or made an appearance, but an order has been entered that is aimed at serving Ms. Jenkins if she can be found.

Rucker's motion raises a number of defenses, but only qualified immunity need be addressed.[1] An individual defendant is entitled to qualified immunity from claims for money damages unless the facts alleged, taken in a light most favorable to the plaintiff, show that the defendant's conduct violated a constitutional right that was clearly established at the time of the violation. See Saucier v. Katz, 121 S.Ct. 2151 (2001). "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." McClendon v. City of Columbia, 305 F.3d 314, 323 (5th Cir. 2002)(en banc).

In a summary judgment contest over qualified immunity, the court must view the summary judgment evidence in the light most favorable to the plaintiff. Freeman v. Gore, 483 F.3d 404, 410 (5th Cir. 2007). The only summary judgment evidence submitted by either party are Plaintiff's answers to some interrogatories. Rucker does not squarely challenge the

---

[1] Rucker's memorandum makes a two-sentence assertion that Plaintiff did not exhaust his administrative remedies prior to filing suit, but Rucker did not attach supporting documents or reference documents in the record, and Plaintiff alleged in his complaint that he did file an administrative grievance before he filed suit. Rucker did not make an adequate showing to prevail on this defense.

basic allegations in Plaintiff's complaint.  Thus, Plaintiff's complaint must be examined to the extent it is not in conflict with his answers to the interrogatories.

Plaintiff's complaint focuses, as would be expected, on his allegations against Ms. Jenkins.  Plaintiff does devote a portion of his complaint to Rucker, but no specific facts are offered to connect Rucker to the underlying claims.  Plaintiff states in his complaint that Rucker is being sued for his "failure to train and hire his Subordinates properly, and his failure to effectively implement Rules, Policy, and Procedures; thereby enforcing said onto his Subordinates."  Doc. 1, page 8.  Rucker served Plaintiff with interrogatories that asked, among other things, that Plaintiff "identify the specific act" of Rucker that allegedly violated any constitutional right.  Plaintiff was also asked to list the facts, documents, exhibits and witnesses that supported a claim against Rucker.  Plaintiff answered that Warden Rucker violated Eighth and Fourteenth Amendment rights "by one allowing his security employee staff to sexually harass me, and secondly for not adequately and appropriately responding to my Administrative Remedy Procedure."  With respect to supporting evidence or witnesses, Plaintiff simply referred to medical records at his current prison.  Plaintiff stated that the records would "establish that as a result of the incident I suffered with mental ailment such as depression, phobias, and anxiety" that required medication.  <u>See</u> Answers to Interrogatories Nos. 18 and 19.

These allegations, in the complaint and in the discovery answers, do not provide a basis for an actionable constitutional violation committed by Warden Rucker.  There is no

allegation that Rucker had any personal involvement in or  knowledge of the alleged facts that gave rise to Plaintiff's complaint.  Plaintiff does allege that, in response to his complaint of harassment by Ms. Jenkins, he lost his trustee job and was transferred to another prison, but he does not make any assertion that Rucker was personally involved in those matters. With respect to the alleged failure to properly hire and train employees, that generic and conclusory assertion is insufficient to plead or create a factual issue as to a violation of the Constitution that has any causal connection to a harm suffered by Plaintiff. See Roberts v. City of Shreveport, 397 F.3d 287, 293 (5th Cir. 2005) ("for liability to attach based on an 'inadequate training' claim, a plaintiff must allege with specificity how a particular training program is defective"); Gros v. City Grand Prairie, 34 Fed.Appx. 150 (5th Cir. 2002) (mere assertion that police chief never taught "civil rights" to officers not enough to overcome qualified immunity). Plaintiff, to defeat qualified immunity, would need to identify some particular deficiency in the training program that amounted to Rucker being deliberately indifferent to constitutional rights that were violated as a result of his failure to train subordinates.[2] Any lesser standard would amount to vicarious liability, which is not applicable to Section 1983 claims.

---

[2] To establish Section 1983 liability against supervisors, a plaintiff must show that: (1) the supervisor failed to supervise or train the officer; (2) a causal connection existed between the failure to supervise or train and the violation of the plaintiff's rights; and (3) the failure to supervise or train amounted to deliberate indifference to the plaintiff's constitutional rights. Roberts, 397 F.3d at 292.

Plaintiff has not met his burden, so Warden Rucker is entitled to qualified immunity from the claims asserted against him in his individual capacity.  Plaintiff asserts that Rucker is also named in his official capacity, but the pleading does not set forth an <u>Ex parte Young</u> or other official capacity claim that would preclude the dismissal of Rucker from this civil action, which is recommended. The claims against Ms. Jenkins are not affected by this recommendation.

Accordingly;

**IT IS RECOMMENDED** that the Motion for Summary Judgment (Doc. 35) filed by Warden Tom Rucker be granted and that all claims against Rucker be dismissed with prejudice.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of May, 2008.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE