UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

NATHAN THARPE                         CIVIL ACTION NO. 06-cv-0940

VERSUS                                JUDGE WALTER

RICHARD STALDER, ET AL                MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Nathan Tharpe ("Plaintiff") was convicted of attempted sexual battery and sentenced to a term of imprisonment with the Louisiana Department of Public Safety and Corrections. Plaintiff served some of his state sentence in the Bossier Parish Correctional Facility that is under the supervision of the Bossier Parish sheriff. It is common for sheriffs to contract with the state to house state prisoners.

Plaintiff alleges that he became a trustee at the Bossier Parish Correctional Facility and was under the supervision of a Ms. Jenkins for about four months. Plaintiff alleges that Ms. Jenkins sexually harassed, molested and fondled him. Plaintiff alleges that Ms. Jenkins was forced to resign her job because of such actions. Plaintiff claims that, because he reported the sexual abuse, he was fired as a trustee and transferred to a less desirable dormitory. Plaintiff was later transferred to the Allen Correctional Center.

The complaint names three defendants: Ms. Jenkins, Warden Rucker, and Richard Stalder. The court previously granted dispositive motions filed by Warden Rucker and former Secretary Stalder. The only remaining defendant is Ms. Jenkins. The court

assisted Plaintiff in locating a current address for Ms. Jenkins and having the Marshal serve her.  See Docs. 45, 49 and 51.  The Marshal filed a return that indicated Ms. Jenkins had been served.  Doc. 54.

In June 2008, as the court was issuing orders related to the efforts to serve Ms. Jenkins, the postal service began returning mail that the court sent Plaintiff.  The items were returned to sender, with indications that Plaintiff was no longer housed at the Allen Correctional Center.  See Docs. 53, 58, and 62.  Ms. Jenkins then appeared and filed a Motion to Dismiss (Doc. 59) on the grounds that Plaintiff failed to provide the court and opposing parties with a current address.

Plaintiff filed his complaint on a form that included his declaration: "I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed."  When the court later issued an order (Doc. 15) that the defendants respond to the complaint, the order included a command that: "All parties shall have the responsibility of promptly reporting to the court and to all other parties any change in the mailing address."  The parties were warned that: "Failure to do so shall be considered grounds for dismissal or other appropriate sanctions."  (Doc. 15)  The order is consistent with the command of Local Rule 11.1 that: "Each attorney and pro se litigant has a continuing obligation to apprise the court of any address change."  See also Local Rule 41.3 (authorizing dismissal when notices are returned for reason of an incorrect address and no correction is made within 30 days).

The court has no idea of Plaintiff's current address, as he has failed to keep the court apprised of it as required by the court's order and local rule. Perhaps Plaintiff has lost interest in the case or has merely been negligent in looking after his affairs. In any event, the court need not expend resources on a case in which it has no means of contacting the plaintiff or obtaining the plaintiff's participation in the litigation. Dismissal without prejudice for failure to prosecute is warranted. <u>Honore v. Christian</u>, 2005 WL 1330152, *3 (W.D. La. 2005).

Accordingly;

**IT IS RECOMMENDED** that the Motion to Dismiss (Doc. 59) be **granted** and that Plaintiff's complaint be dismissed without prejudice for failure to prosecute.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of November, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE